Rollins et al. vs. The State, use of Duvall, et al.

---

ROLLINS ET AL. vs. THE STATE, USE OF DUVALL ET AL.

1. Where a plaintiff, in an execution, or his attorney directs a sheriff to proceed under it, in some way other than that prescribed by law, he makes the sheriff his agent, and the securities of the sheriff are not liable for his acts.

2. Where an officer under color of his office proceeds to execute process and collects money under it, his securities are liable for a misapplication of it, although the writ may be defective, erroneous, or even totally illegal.

3. The mere application to the court by the plaintiff for an erroneous or illegal order, upon which a writ issues, is not such an interference as makes the executive officer his agent.

## ERROR to Boone circuit court.

### STATEMENT OF THE CASE.

This was an action of debt against James S. Rollins and others, the official surities of F. A. Hamilton, as sheriff of Boone county, upon his official bond of the 7th of August, 1840, and was tried in August, 1849, upon the statute general issue of 1845.

The declaration contained three counts. Upon the trial which took place before the judge it was agreed that a writ of attachment, at the suit of the present plaintiff, had in May, 1841, had been issued out of the Boone circuit court against Ward and Parsons, directed to the sheriff of Boone county, and that Hamilton, the sheriff, by virtue of the writ, levied upon a large amount of merchandize as the property of the defendants without suit. In June, 1841, an order was made by the judge of the Boone circuit court, upon the petition of the plaintiffs for the sale of the merchandize, cash for all sums under fifty dollars, and upon a credit of six months for all other sums; the sheriff to take bonds payable to himself with security. Hamilton accordingly made the sale in June and July, 1841, the total amount of which was $9559 04, of which $300 was for cash, and the residue upon credit. Hamilton received the cash and took

Rollins et al. vs. The State, use of Duvall, et al.

the bonds, as required by the order of the court, and made a report of his proceedings at the June term, 1844, of the Howard circuit court, (to which court the cause had been removed by an order for a change of venue,) and was allowed for his services $516 43 to be deducted from the proceeds of the sale. In August, 1842, Hamilton's first term of service expired, and he was re-elected, gave a new bond, and his second term expired in August, 1844, when his successor was elected. ·Hamilton, during his second term and after the expiration of that term, paid over $5433 35 of the bonds taken upon the sale, $4,997 36 of which was on solvent persons and has been collected, and the balance, $435 35, was on insolvent persons, and uncollectable. He had also paid over in cash $1325 01 and the residue of the proceeds of the sale Hamilton had converted to his own use and refused to pay over to the persons entitled, or to have in court according to his duty, although frequently applied to for that purpose during his first and second term, and after he went out of office. He died in 1845, and no administration was ever taken upon his estate.

It was agreed, if the defendants were liable, judgment should be given against them in this suit for the amount for which they were liable, to be held in trust for the present plaintiffs and plaintiffs in other attachment suits against same property, according to the terms of an agreement between those parties.

For the purpose of raising the questions of law upon the record, several instructions were asked, some of which were given and others refused.

The court gave judgment for $3337 64, being the value of the solvent bonds and interest, and from this judgment the defendants have appealed.

## HAYDEN, for plaintiffs in error.

1. As these defendants are the securities of the sheriff, Hamilton, they have the right to stand upon the very terms of their contract or undertaking, and in the construction of it, the law requires it to be construed strictly and according to its letter, so as not, by implication, to extend their liability for the acts of their principal. 9 Wheaton, 680, S. C. 5th, Cond. Rep. U. S., Miller vs. Stewart et al., 727; same book, 733, U. S. vs. Kirkpatrick, 9 Wheat., 720; 7 Cowan, 743; Gorham vs. Gale, 2 Pick, 234-5.

2. The order of the judge of the circuit court, in which the suit by attachment was pending, made upon the petition, and at the request of the plaintiffs in the cause, for the sale of the property attached by the sheriff, upon a credit of six months, was a proceeding not warranted by law, and is void, and amounted to such an intermeddling with the process by which the property was attached, and in the hands of the officer, as to constitute the sheriff their private agent to execute their will and their own direction, and to absolve these defendants from the liability which the law would have imposed upon them, had the sheriff been left to the directions and disposition of the property as prescribed by law. See 15 Vermont Rep. 414; 14 Vermont 378; 6 Monroe Rep. 173-4; 3 Dana 152; 1 Metcalf 36; 6 Metcalf 112; 12 Vt. 453; 13 Vt. Rep. 9; 7 Con. 739, 745-6; 6 Con. 465 and note (a) 466-7; 4 Howard's U. S. Rep. p. 1, 2, &c.; 15 Wend. Rep. 579,580, Walden vs. Davidson.

3. The circuit court erred in declaring the law of the case upon the finding of the issues as prayed for by the plaintiff, and in declaring the law not to be as prayed for by the defendants.

4. The circuit court found the issues for the plaintiff and rendered judgment thereon against law and evidence.

## LEONARD, for defendants in error.

The question upon the record is whether the official sureties of a sheriff are responsible for the proceeds of a credit sale of attached perishable property made by order of the judge, and which have come to his hands, and if liable, whether this liability in this instance is upon the sureties of the first or second term?

Rollins et al. vs. The State, use of Duvall, et al. .

1. It was competent for the court or judge to order the sale to be made upon credit. A general power over the subject is conferred upon the court or judge, and the provision of the statute that the proceedings of a sale of attached perishable property shall correspond with the proceedings in execution sales, may be considered as merely directory to the sheriff in the absence of other special directions by the court, or if it is to be considered as also directory to the court, is a provision like many similar ones to be found in the statute book, and that the court may dispense with.

2. If this be otherwise, and the law is directly opposed to a credit sale, yet the order directing such a sale was not void, but at most merely voidable, and it was the sheriff's duty to obey it, and his acts or omissions in relation to an erroneous or voidable order, are official acts for which his sureties are liable. Hecker vs. Janett, 3 Binney 409; Walden vs. Davidson, 15 Wend. Rep. 575; People vs. Dunning, Sheriff, 1 Wend 16, 17; Jones vs. Cook, 1 Cow. Rep. 309.

3. Admitting, however, the last proposition to be otherwise, and that the sheriff was not bound to obey the order, yet having obeyed it and acted in that matter "by color of his office," these acts and omissions are within the condition of his bond, and his sureties must answer for them. Carmack vs. Commonwealth, 5 Binney, 184; Commonwealth vs. Stockton, 5 Mon. Rep. 193; Knowlton vs. Bartlett, 1 Pick. Rep. 271.

4. Here, however, the case shows that Hamilton converted the proceeds of the sale to his own use, and having obtained them by color of his office, his sureties must answer for them. New Hampshire Savings Bank vs. Varnum, 1 Met. Rep. 35; Walden vs. Davidson, 15 Wend. Rep. 575; People vs. Dunning, 1 Wend. Rep. 16, 17; Harrington vs. Fuller, 18 Maine Rep. 277; Knowlton vs. Bartlett, 1 Pick. Rep. 27; Clute vs. Goodel, 1 McLean's Rep. 193.

5. The order of sale having been received and the sale made during Hamilton's first term, the securities of that term are responsible. The State use of Vance vs. Marney and others. Decision of this court at January term, 1850.

NAPTON, J., delivered the opinion of the court.

The question which, in our judgment, is decisive of this case, is whether the sheriff in the execution of the writ of *venditioni exponas* was acting *colore officii*, or was the mere agent of the plaintiffs.

The cases upon this subject, most of which will be found cited in the briefs, clearly show that where an officer departs from his line of duty pointed out by the law, at the promptings of the plaintiff, his securities are discharged.

The responsibility of an officer bound by law to sell for cash and cash only, is materially different from a responsibility for credit sales. The risk is greater. The case of Kimball and Co. vs. Perry, 15 Verm., is a sensible commentary upon this distinction, and establishes that if such sales are undertaken at the instance of the creditor or the creditor's attorney, the securities of the officer are not responsible.

I think most, if not all the cases cited, where the courts have held the securities discharged, will be found cases where there has been an interference by the plaintiffs in the writs. In such cases, the party, by directing the officer to proceed in some other way than that prescribed by the law, makes the officer his agent, and the securities are no longer

---

liable for his acts.   The practice and propriety of this is so manifest as to need no illustration.

On the other hand it seems to be equally well settled, and as consonant to justice and policy, that where the officer professes to act under color of his office, and under the sanction of a writ, the responsibility of his securities for any malfeasance in its execution is not discharged by reason of defects or errors or total illegality in the process.   It would be strange if the law were otherwise.   Where a court has jurisdiction of the action, the officers are not responsible for errors in the process.   If the officer proceeds on the process and treats it as valid, he is bound to pay the money he collects under it, and the money being received by him *colore officii*, his sureties are liable for its misapplication.   Walden vs. Davidson, 15 Wend. 575.

The question is in this case as in others of a similar character, was the act official or personal ?

It is clear that there was no departure from the mandates of the writ and no interference on the part of the plaintiffs after its issuance.   The sheriff did not profess to sell by virtue of any directions from the plaintiff, but in obedience to the order of the writ of *venditioni*.   The fact that this order was erroneous, and might perhaps have been disregarded, cannot alter the case.   The application for the writ is no such interference of the plaintiffs as makes the officer their agent.   All writs issue on the application of some one, and the machinery of the law must be put in whenever it acts at all.   The writ was issued on the order made by a court having jurisdiction over the subject matter.   It is neither justice or sound policy that private individuals should suffer by the blunders of the officers of the law, either judicial or ministerial.   We cannot regard the writ or order as a mere nullity.   Would the sheriff have been liable as a trespasser for proceeding under it?   We think not.

Judgment affirmed.